Davor Rukavina, Esq.
Texas Bar No. 24030781
Kathleen M. Patrick, Esq.
Texas Bar No. 24037243
Jonathan L. Howell, Esq.
Texas Bar No. 24053668
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 North Akard
Dallas, Texas  75201
Telephone: (214) 855-7500
Facsimile: (214) 978-5359

PROPOSED ATTORNEYS FOR
THE DEBTORS-IN-POSSESSION

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 09-45785-rfn-11 |
| LEWIS EQUIPMENT COMPANY, INC., | § | |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | CASE NO. 09-45786 |
| LWL MANAGEMENT, LLC, | § | |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | CASE NO. 09-45787 |
| HARDROCK MACHINE SHOP, LLC, | § | |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| | § | CASE NO. 09-45788 |
| GREAT WHITE TRANSPORTATION, LLC, | § | |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |
| | § | |

| | § | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 09-45790 |
| LEWIS CRANE & HOIST, INC., | § | |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |

| | § | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 09-45792 |
| ROCK ISLAND RIGGING, INC., | § | |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |
| | § | |

| | § | |
|---|---|---|
| In re: | § | |
| | § | CASE NO. 09-45814 |
| HARDROCK ROAD PROPERTIES, LLC, | § | |
| | § | (Chapter 11) |
| Debtor. | § | |
| | § | |

**APPLICATION FOR INTERIM AND FINAL APPROVAL
OF EMPLOYMENT OF MUNSCH HARDT KOPF & HARR, P.C.
AS ATTORNEYS FOR THE DEBTORS-IN-POSSESSION**

TO THE HONORABLE RUSSELL F. NELMS, U.S. BANKRUPTCY JUDGE:

COME NOW Lewis Equipment Company, Inc., LWL Management, LLC, Hardrock Machine Shop, LLC, Great White Transportation, LLC, Lewis Crane & Hoist, Inc., Rock Island Rigging, Inc., and Hardrock Road Properties, LLC (the "Debtors"), the debtors-in-possession in the above styled and numbered bankruptcy cases (the "Bankruptcy Cases"), and file this their *Application for Interim and Final Approval of Employment of Munsch Hardt Kopf & Harr, P.C. as Attorneys for the Debtors-In-Possession* (the "Application"), respectfully stating as follows:

## I.     PROCEDURAL BACKGROUND

1.     On September 18, 2009 (the "Petition Date"), the Debtors filed their respective voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the

"Bankruptcy Code"), thereby initiating their Bankruptcy Cases and creating their respective bankruptcy estates (the "Estates").

2.     The Debtors continue to operate their businesses and to manage the Estates as debtors-in-possession.  No committee, trustee, or examiner has been appointed to date.

3.     The Court has jurisdiction over the Bankruptcy Cases and this Motion under 28 U.S.C. § 1334.  Such jurisdiction is core under 28 U.S.C. 157(b)(2).  Venue of the Bankruptcy Cases before this Court is appropriate under 28 U.S.C. §§ 1408 and 1409.

## II.     FACTUAL BACKGROUND

4.     The Debtors are related Texas entities.  Lewis Equipment Company, Inc., LWL Management, LLC, Hardrock Machine Shop, LLC, Lewis Crane & Hoist, Inc., and Rock Island Rigging, Inc. are engaged in the business of large construction crane sales, rental, erection, rigging, and maintenance, of which the crane rental business is the largest present generator of revenue.  The Debtors' crane business was started in the mid-1980's by Mr. Kyle Lewis, since which time the Debtors have grown to become one of the largest crane rental companies in the Southwest, with sizable operations nationally.  In fact, the Debtors' cranes have been used to build several nationally known and renowned building complexes across the country.  The Debtors' fleet consists of hundreds of cranes and crane components, including large tower cranes for use on highrise projects, crawler cranes, and mobile cranes of all types.  Separately, Great White Transportation, LLC is engaged in the interstate trucking business, while Hardrock Road Properties, LLC owns and leases real property nationally, primarily for use by the other Debtors.

5.     The Debtors have grown their operations and have seen years of continued business success.  However, the recent unprecedented downturn in the construction industry which the Debtors service, coupled with the lack of payment by some of the Debtors' customers,

has led to a significant loss of revenue and to a potentially serious cash crunch. The Debtors, predicting the economic downturn, have taken large cost savings measures, including through various reductions in force and the closure and consolidation of various sites across the country. Even these cost savings measures were not enough to stem the tide, and the Debtors found themselves unable to service their long term equipment and business debts. Accordingly, beginning in June, 2009, the Debtors began approaching their lenders to attempt to restructure their long term obligations – an issue complicated by the large number of lenders resulting from the assignment and fracturing of the Debtors' obligations.

6.      Unfortunately, the Debtors ran out of time before these negotiations could come to fruition, as at least one of the Debtors' lenders, acting wholly *ex parte*, obtained a writ of sequestration and began trying to seize the Debtors' equipment. The Debtors could not permit this to happen due not only to the loss of their reputation if equipment was seized at job sites, but also because of the need to protect the interests of all creditors. Accordingly, the Debtors filed their Bankruptcy Cases to preserve and to maximize the value of their assets, to avoid piecemeal and forced liquidation, to provide a centralized forum for the adjudication of various disputes, and to reorganize their obligations while liquidating excess equipment in an orderly fashion for the benefit of all creditors.

### III.      RELIEF REQUESTED

7.      By this Application, the Debtors request authority to employ Munsch Hardt Kopf & Harr, P.C. ("Munsch Hardt") as their general bankruptcy counsel to perform necessary legal services during the course of the Bankruptcy Cases. In accordance with ND TX L.B.R. 2014, the Debtors hereby disclose that they have not previously requested authority to retain any other attorneys in these Bankruptcy Cases. Nevertheless, the Debtors reserve the right to request

authority to retain other counsel if and when such need may arise given the developments in the Bankruptcy Cases (*e.g.*, as special counsel for litigation matters).

8.　　In support of this Application, attached hereto as Exhibit "A" is the Affidavit of Davor Rukavina, which is hereby incorporated herein for all purposes.

A.　　**BASIS OF SELECTION OF COUNSEL**

9.　　The Debtors have selected Munsch Hardt as their attorneys because of Munsch Hardt's extensive experience and knowledge in the field of debtor and creditor rights and business reorganizations under Chapter 11 of the Bankruptcy Code. The employment of Munsch Hardt is appropriate and necessary to enable the Debtors to execute faithfully their duties and obligations under the Bankruptcy Code, and the Debtors believe that Munsch Hardt and its attorneys are fully qualified to perform the legal services necessary to enable the Debtors to successfully carry out the same.

10.　　Additionally, the Debtors anticipate that issues related to asset sales, secured transactions, leases, taxes, reorganization plans, and litigation are likely to arise in the course of the administration of the Estates. The Debtors have selected Munsch Hardt due to Munsch Hardt's considerable experience and versatility in these matters.

11.　　Moreover, the Debtors first retained Munsch Hardt in July, 2009, in part to attempt an out-of-court restructuring of their long term obligations. As a result of the same, Munsch Hardt became familiar with the Debtors, their businesses, their capital structure and debt obligations, and with the various lenders and parties-in-interest that will be involved in the Bankruptcy Cases. This familiarity will enable the Debtors and Munsch Hardt to more rapidly advance the Bankruptcy Cases without the necessity of familiarizing new counsel with the same, with the delays and additional costs that would be incurred.

12.     Munsch Hardt maintains offices at (i) 3800 Lincoln Plaza, 500 N. Akard Street, Dallas, Texas 75201; Telephone: (214) 855-7500; Facsimile: (214) 855-7584; (ii) 111 Congress Avenue, Suite 2010, Austin, Texas 78701-4050; Telephone: (512) 391-6100; Facsimile: (512) 391-6149; and (iii) 700 Louisiana, Suite 4600, Houston, Texas 77002-2732; Telephone: (713) 222-1470; Facsimile: (713) 222-1475.  The Debtors and Munsch Hardt have designated Davor Rukavina, a shareholder of Munsch Hardt who offices in Munsch Hardt's Dallas office, to serve as the attorney in charge with respect to the representation.

**B.     SERVICES TO BE RENDERED**

13.     Munch Hardt's services as the Debtors' general bankruptcy counsel will include, but will not be limited to, the following:

a.     to serve as attorneys of record for the Debtors in all aspects, to include any adversary proceedings commenced in connection with the Bankruptcy Cases and to provide representation and legal advice to the Debtors throughout the Bankruptcy Cases;

b.     to assist the Debtors in carrying out their duties under the Bankruptcy Code, including advising the Debtors of such duties, their obligations, and their legal rights;

c.     to consult with the United States Trustee, any statutory committee that may be formed, and all other creditors and parties in interest concerning administration of the Bankruptcy Cases;

d.     to assist in potential sales of the Debtors' assets;

e.     to prepare on behalf of the Debtors all motions, applications, answers, orders, reports, and other legal papers and documents to further the Debtors' interests and objectives, and to assist the Debtors in the preparation of their schedules, statements, and reports;

f.     to assist the Debtors in connection with formulating and confirming a Chapter 11 plan;

g.     to assist the Debtors in analyzing and appropriately treating the claims of creditors;

h.     to appear before this Court and any appellate courts or other courts having jurisdiction over any matter associated with the Bankruptcy Cases; and

i.     to perform all other legal services and provide all other legal advice to the Debtors as may be required or deemed to be in the interests of the Estates in accordance with the Debtors' powers and duties as set forth in the Bankruptcy Code.

14.     Subject to this Court's approval of the Application, Munsch Hardt is willing to serve as the Debtors' attorneys in the Bankruptcy Cases and to perform the services described above.

## C.     COMPENSATION AND REIMBURSEMENT

15.     Munsch Hardt has agreed to perform such legal services on an hourly fee basis at its customary hourly rates for cases of the size and complexity as the Debtors' Bankruptcy Cases. Munsch Hardt's hourly rates range from $570 for shareholders with the highest billing rates, to $180 for paralegals with the lowest billing rates.  The principal attorneys and paraprofessionals presently designated to represent the Debtors, and their current hourly rates, are:

> Davor Rukavina, Shareholder          $330.00 per hour
> Kathleen M. Patrick, Associate        $275.00 per hour
> Audrey Monlezun, Paralegal           $180.00 per hour (reduced rate)

16.     The attorneys named hereinabove are duly licensed to practice in the State of Texas and are admitted to practice law in the Northern District of Texas.  As necessary, certain other attorneys and/or paraprofessionals may provide services in connection with the engagement.  Additionally, Munsch Hardt's rates are subject to periodic adjustment (normally at year-end) to reflect economic, experience and other similar factors.

17.     Subject to this Court's approval, the Debtors have also agreed to the reimbursement of Munsch Hardt for all out-of-pocket expenses incurred by Munsch Hardt. These expenses include, but are not limited to, costs for long-distance telephone charges, facsimile charges, photocopying, travel, business meals, computerized research, transcription

services, messengers, couriers, postage, witness fees and other fees related to trials and hearings. Munsch Hardt will charge for all such actual and necessary expenses in a manner and at rates consistent with charges made generally to Munsch Hardt's other clients and consistent with the applicable Local Rules of the Court.

D.     **DISINTERESTEDNESS OF PROFESSIONALS**

18.     To the best of the Debtors' knowledge, other than as set out below, the shareholders and associates of Munsch Hardt: (i) do not have any connection with the Debtors, their creditors, or any other party-in-interest or their respective attorneys and accountants; (ii) do not have any connection with the United States Trustee or any person employed in the Office of the United States Trustee; (iii) are "disinterested persons," as that term is defined in § 101(14) of the Bankruptcy Code; and (iv) do not hold or represent any interest adverse to the Debtors' Estates:

| Party-In-Interest | Relationship to Debtor | Relationship to Munsch Hardt |
|---|---|---|
| Atmos Energy | Creditor / Utility | Munsch Hardt has represented and represents Atmos in completely unrelated bankruptcy cases and has not and will not represent Atmos in these Bankruptcy Cases. |
| Fifth Third Bank | Creditors of the Debtors | Munsch Hardt has represented and continues to represent Fifth Third Leasing Company, an affiliate of Fifth Third Bank, on matters completely unrelated to the Debtors and the Bankruptcy Cases. Munsch Hardt has instituted a strict "Chinese Wall" between these parties. |
| General Crane (USA), Inc., Shawn Cluff, and Randy Harris | Defendants Sued by Debtors prepetition | Munch Hardt represented these parties in state court litigation against the Debtors. With the consent of all parties, Munsch Hardt has withdrawn from that representation and has instituted a strict "Chinese Wall" to protect any information of these parties, and Munsch Hardt wrote off amounts owing by these parties. |

| Frost National Bank | Creditor of the Debtors | Munsch Hardt has represented Frost National Bank on matters completely unrelated to the Debtors and the Bankruptcy Cases. |
|---|---|---|
| Liberty Mutual Insurance Company | Unsure if any at Present | Munsch Hardt represented Liberty Mutual Insurance Company in litigation involving one or more of the Debtors, which litigation was concluded in 2007.<br><br>Munsch Hardt continues to represent Liberty Mutual Insurance Company in matters completely unrelated to the Debtors and the Bankruptcy Cases. |
| National City Bank | Creditor of the Debtors | Munsch Hardt has represented National City Bank on matters completely unrelated to the Debtors and the Bankruptcy Cases. |
| American Bank of Texas | Creditor of the Debtors | Munsch Hardt has represented and continues to represent American Bank of Texas on matters completely unrelated to the Debtors and the Bankruptcy Cases. |
| Wachovia | Creditor of the Debtors | Munsch Hardt has represented Sun Trust, apparently now a part of Wachovia, on matters completely unrelated to the Debtors and the Bankruptcy Cases. |

19.     Munsch Hardt has no agreement with any other entity to share any compensation received, nor will any be made, except as permitted under Section 504(b)(1) of the Bankruptcy Code.

**E.     PRIOR PAYMENTS AND RETAINER**

20.     On or about July 15, 2009, the Debtors provided Munsch Hardt with a retainer in the amount of $100,000.00 on the account of Lewis Equipment Company.  On August 25, 2009, Munsch Hardt drew on the retainer in the amount of $16,602.25, for services rendered and expenses advanced.  Thereafter, on the day prior to the Petition Date, Munsch Hardt drew on the retainer in the amount of $45,572.22, for services rendered and expenses advanced.  On the Petition Date, Munsch Hardt drew on the retainer in the additional amount of $7,273.00, for the

filing fees for filing the Bankruptcy Cases ($1,039.00 per petition). Accordingly, as of the Petition Date, $30,552.53 remains in retainer.

21.     Munsch Hardt will not draw on said retainer postpetition without authority from the Court. To the extent that Munsch Hardt receives additional retainers postpetition, Munsch Hardt will hold the same and will not apply them without authority from this Court, after notice and an opportunity to object.

### F.     REQUEST FOR INTERIM APPROVAL

22.     The Debtors request that the Application be granted on an interim basis *nunc pro tunc* to the Petition Date and, thereafter, after notice and an opportunity for objection, on a final basis. The Debtors propose that any interim order approving this Application include conspicuous negative notice language granting all parties-in-interest twenty days to object to said order becoming final and that, if no party-in-interest timely objects, that said order then become a final order and that this Application thereby be approved on a final basis.

## IV.     AUTHORITIES

23.     It goes without saying that the Debtors, as artificial entities, are required to have legal counsel in order to appear in this Court and in order to fulfill their various obligations under the Bankruptcy Code. Pursuant to the Bankruptcy Code, the Debtors, "with the court's approval, may employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons." 11 U.S.C. § 327(a) (2008). As explained above and as evidenced by the attached Affidavit of Davor Rukavina, Munch Hardt is disinterested for purposes of this representation and holds no interest adverse to the Debtors' Estates.

24.     With respect to the Debtors' request for the interim approval of Munsch Hardt's retention, Rule 6003 provides that the Court shall not grant this Application within twenty (20) days of the Petition Date "[e]xcept to the extent that relief is necessary to avoid immediate and irreparable harm."  FED. R. BANKR. P. 6003.  Here, the Debtors will have substantial duties and significant issues will arise in the Bankruptcy Cases within the first twenty (20) days of the Petition Date.  The Debtors will suffer immediate and irreparable harm if they do not have counsel retained during this critical period.  Accordingly, the Debtors submit that the approval of the Application, on an interim basis pending the expiration of such twenty (20) day period, is necessary to enable the Debtors to undertake their various and substantial duties, and to prevent immediate and irreparable injury to the Debtors and to the Estates.  Moreover, such interim relief would not constitute the "grant" of this Application within the meaning of Rule 6003, because the Rule does not prohibit the consideration of any application or the interim approval thereof, as opposed to a final "grant."

## V.      PRAYER

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request that the Court enter an order substantially in the proposed form attached hereto: (i) authorizing the Debtors' employment of Munsch Hardt on an interim basis *nunc pro tunc* as of the Petition Date on the terms and conditions set forth herein, and, thereafter, after notice and an opportunity for objection, on a final basis; and (ii) providing the Debtors all such other and further relief as to which they may show themselves to be justly entitled.

RESPECTFULLY SUBMITTED this 21st day of September, 2009.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: /s/ Davor Rukavina
    Davor Rukavina, Esq.
    Texas Bar No. 24030781
    Kathleen M. Patrick, Esq.
    Texas Bar No. 24037243
    Jonathan L. Howell, Esq.
    Texas Bar No. 24053668
    3800 Lincoln Plaza
    500 North Akard
    Dallas, Texas 75201
    Telephone: (214) 855-7500
    Facsimile: (214) 855-7584

**PROPOSED ATTORNEYS FOR**
**THE DEBTOR-IN-POSSESSION**